## CIRCUIT COURT OF CHESTERFIELD COUNTY

Melson

v.

Melson

March 25, 1992

Case No. CH90–1598

BY JUDGE HERBERT C. GILL, JR.

The Court has reviewed the above-styled case. The Court cannot, however, enter the sketch final decree of divorce submitted on behalf of the plaintiff.

The original Bill of Complaint was filed on November 13, 1990. The Bill of Complaint alleges that the parties separated on June 15, 1989. Grounds for a divorce based upon a one-year separation existed at the time of filing.

The Amended Bill of Complaint was filed on January 10, 1992. An Answer was filed on behalf of the defendant on January 21, 1992. The Amended Bill of Complaint alleges that the parties separated on January 8, 1991.

Apparently, the parties reconciled sometime between November 13, 1990, and January 8, 1991. If, in fact, a reconciliation occurred after the filing of the original Bill of Complaint, a cause of action for a divorce based upon a one-year separation ceased to exist.

Further, an amended bill of complaint is in the nature of an amendment of the original bill and must be read with it, and the two must be regarded as constituting one bill. 1B M.J. *Amendments*, § 27 (1980). The general rule has long been that the amendment related back to the commencement of the suit and takes from the date, and the defendant cannot by amendment be called upon to answer to anything which has occurred since that time. *Id.*

Under the relation back doctrine, the Amended Bill of Complaint related back to November 13, 1990. The pleadings thus become in-

consistent and illogical as to the separation date of January 8, 1991, and the existence of grounds for a divorce based upon a one-year separation.

Accordingly, the court is of the opinion that the Bill of Complaint and the Amended Bill of Complaint in this suit should be dismissed. A new cause of action may be brought on behalf of the plaintiff.